# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1490

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *    Appeal from the United States
      v.                           *    District Court for the
                                   *    District of Minnesota.
Antonio Becerra Montanez,          *
                                   *    [UNPUBLISHED]
            Appellant.             *

_____

Submitted: February 14, 2007
Filed: March 1, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Antonio Montanez appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute in excess of 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  In his timely appeal, Montanez argues that the district court erred in denying safety-valve relief.  He contends that, when a defendant offers no information, it is the government's burden to show there was information that could have been disclosed. We reject this argument, and affirm Montanez's sentence.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

One of the criteria for safety-valve relief is that a defendant must truthfully provide to the government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5).[2] The defendant carries the burden of demonstrating that he has done so. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). Contrary to what Montanez suggests, this is not a case in which a defendant had no information to give. Rather, the government reported to the district court--and the court agreed with the government--that Montanez provided information which was inconsistent with earlier statements he had made, and that he repeatedly contradicted himself during his proffer interview. It was Montanez's burden to show affirmatively that the information he gave the government was truthful and complete, see United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 1096 (2006), and he failed to do so. The district court did not clearly err in finding Montanez failed to meet the fifth requirement for safety-valve relief. See United States v. Alarcon-Garcia, 327 F.3d 719, 721 (8th Cir. 2003) (standard of review).

Accordingly, we affirm.

_____

_____

[2]It is undisputed that Montanez met all of the other safety-valve requirements. (Appellee's Br. at 6; Appellant's Br. at 4.)